UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARILYN HUON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-3089 |
| | § | |
| WAL-MART STORES, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.      Introduction**

Pending before the Court is the defendant's, Wal-Mart Stores, Inc., motion for summary

judgment (Docket Entry No. 9).  The plaintiff, Marilyn Huon, filed a response (Docket Entry No.

21).  After having carefully reviewed the motion, the response, the record and the applicable law,

the Court grants the defendant's motion regarding the plaintiff's malicious prosecution and

defamation claims, and denies it regarding her negligence claims.

**II.      Factual Background**

This case concerns the plaintiff's allegations of malicious prosecution, defamation and

negligence stemming from a false accusation made by the defendant's agents and/or employees

that the plaintiff intentionally attempted to pay for merchandise with a counterfeit twenty-dollar

bill.  On June 9, 2008, the plaintiff visited three Wal-Mart locations and received a twenty-dollar

bill as change during a purchase at the first store.  When she later used that same bill to make a

purchase at the third store, Wal-Mart employees accused her of passing counterfeit money and

called the police.  The plaintiff was arrested and held in custody for twenty-four hours before

making bond.  When it became clear that Wal-Mart itself had given the plaintiff the counterfeit

bill, the Harris County District Attorney's Office dropped the charges on August 18, 2008.

On June 8, 2010, the plaintiff filed a *pro se* petition in state court alleging various mental and physical injuries, as well as a claim for loss of earnings.  On August 2, 2010, the plaintiff, by that point represented by counsel, filed an amended petition formally asserting negligence claims.  On the basis of 28 U.S.C. § 1332 diversity jurisdiction, the case was removed to federal court on August 26, 2010.

## III.    Contentions of the Parties

### A.    The Plaintiff's Contentions

The plaintiff claims that the defendant's agents and/or employees profiled her as a minority, and that their false accusations led to her criminal prosecution.  She alleges that she has consequently suffered injuries to her feelings, reputation, health and character, and that she was terminated from her position as a schoolteacher and cannot find comparable employment.  She believes the defendant's agents and/or employees were negligent and negligent *per se* in failing to use reasonable and customary care before levying their false accusations.  More to the point, she claims that her original *pro se* petition effectively gave the defendant sufficient notice that she was asserting negligence claims.

Additionally, the plaintiff maintains that her negligence claims can stand alone, irrespective of her malicious prosecution and defamation claims.  She argues that any statute of limitation constraint on her malicious prosecution and defamation claims have no bearing upon her negligence claims.  Finally, the plaintiff contends that her first amended petition was based on the same conduct, transaction or occurrence present in her original *pro se* petition, and that her negligence claims should thus be considered timely under the relation back doctrine of Federal Rule of Civil Procedure 15(c).

### B.     The Defendant's Contentions

The defendant contends that both the plaintiff's malicious prosecution and defamation claims are time barred by the one-year statute of limitations period set forth in Section 16.002 of the Texas Civil Practice and Remedies Code ("TCPRC").  The defendant further argues that the plaintiff's original *pro se* petition failed to state a valid negligence claim, and therefore, the formal negligence claims asserted in her amended petition are not allowable under the relation back doctrine of Rule 15, because they are new and distinct claims.  On that basis, the defendant moves for summary judgment on all of the plaintiff's causes of action, averring that each is time barred.

## III.   Standard of Review

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003).  Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex*, *Inc. v. M/V Risan*, 45 F.3d 951,

954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, (1986)).

## IV.    Analysis and Discussion

The Court grants the defendant's motion for summary judgment regarding the plaintiff's malicious prosecution and defamation claims because they were filed after the applicable one-year limitations period and are thus time barred pursuant to TCPRC § 16.002.  However, the Court denies the defendant's motion for summary judgment regarding the plaintiff's negligence claims because they were effectively stated in her original *pro se* petition, which was timely filed under the applicable two-year statutory period of TCPRC § 16.003.  Therefore, the plaintiff's amended petition relates back to her original petition under Federal Rule of Civil Procedure 15(c).

### A.    Malicious Prosecution

Under Texas law, a claim for malicious prosecution is controlled by a one-year statute of limitations.  Tex. Civ. Prac. & Rem. Code Ann. § 16.002 (West 1986).  This one-year limitations period begins to run upon the termination of the underlying criminal prosecution.  *See Patrick v. Howard*, 904 S.W. 2d 941, 944 (Tex. App.—Austin 1995, no writ) (internal citation omitted).  In the present case, the charges against the plaintiff were dismissed on August 18, 2008, and the applicable one-year time period would bar any claims for malicious prosecution brought more than one year later.  Because the plaintiff did not file her defamation suit until June 8, 2010, her malicious prosecution claim is time barred.

### B.    Defamation

Similarly, a plaintiff must bring any defamation cause of action within a one-year time period.  Tex. Civ. Prac. & Rem. Code Ann. § 16.002 (West 1986).  The accrual of the time

period begins when a defendant utters the allegedly defamatory statements.  *See Lane v. Port Terminal R.R. Ass'n*, 821 S.W.2d 623, 625 (Tex. App.—Houston [14th District] 1995, no writ). In this case, Wal-Mart personnel made the allegedly defamatory statements on June 9, 2008, but the plaintiff did not file her defamation suit until June 8, 2010.  Therefore, her defamation claim is time barred.

### C.    Negligence

The Court denies the defendant's motion for summary judgment regarding the plaintiff's negligence claims because the assertions in the plaintiff's original *pro se* petition were filed within the applicable statutory time period, and that the plaintiff's original petition put the defendant on notice that she was attempting to assert negligence claims.   Under TCPRC § 16.003, a plaintiff must bring personal injury claims within two years of the day the cause of action occurs.   Under Rule 15(c)(1), "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."

In this case, the alleged events triggering the statute of limitations occurred on June 9, 2008, and the plaintiff's *pro se* petition was filed on June 8, 2010.  Assuming the assertions in the plaintiff's original *pro se* petition attempted to assert negligence claims, the subsequent amendment to formalize the negligence claims are permissible under the relation back doctrine of Federal Rule of Civil Procedure 15.   The "relation back doctrine does not extend the limitations period, but merely recognizes that the purposes of the statute are accomplished by the filing of the initial pleading." *Kansa Reinsurance Co. v. Congressional Mortgage Corp.*, 20 F.3d 1362, 1367 (5th Cir. 1988) (internal quotations omitted).  "[A]lthough not expressly mentioned in [Rule 15(c)], the courts also inquire into whether the opposing party has been put on notice

regarding the claim . . . raised in the amended pleading." *Kansa Reinsurance Co.*, 20 F.3d at 1368 n.6 (internal quotation omitted).[1]

The plain language of the plaintiff's original *pro se* petition clearly alleges claims for mental and physical injury while employing some of the hallmark phraseology of negligence law, such as, "acts and/or omissions," "vicariously liable," and "willful, wanton, and malicious" conduct.  Moreover, because the plaintiff's original petition was *pro se*, the Court applies a less stringent standard to her pleading than it does to formal pleadings prepared by lawyers.  *Boswell v. Bush*, 138 F.Supp.2d 782, 786 (N.D. Tex 2000) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  Thus, when a defect in a *pro se* plaintiff's petition is merely procedural, and there are potential grounds for relief, the Court should show leniency.  *Sportville v. Cain, LA*, 149 F.3d 374, 377 (5th Cir. 1998) (citing *Gallegos v. Louisiana Code of Crim. Pro. Art. 658*, 858 F.2d 1091, 1092 (5th Cir. 1988)).

The plaintiff's amended petition asserted negligence claims arising from the same facts and conduct that underlie her malicious prosecution and defamation claims in her original petition.  Because the plaintiff's newly appointed counsel only sought to formalize assertions that were already stated in the original *pro se* petition, the negligence claims clearly related to the same conduct, transaction, or occurrence.  In that sense, the amendment to the plaintiff's original *pro se* petition clearly fits within the parameters of Rule 15(c)'s relation back doctrine.  Consequently, because the negligence claims are not barred by the statute of limitations, a genuine issue of material fact remains as to whether the plaintiff suffered injuries from the defendant's alleged negligence.   This fact issue precludes the Court from granting the defendant's motion regarding the plaintiff's negligence claims.

---

[1] The defendant inadvertently betrayed knowledge of a potential negligence claim in its answer to the plaintiff's original petition.  In that answer, the defendant asserted that the alleged conduct underlying the plaintiff's claims was "proximately caused or solely proximately caused by the negligent and/or wrongful conduct of third parties."

**V.      Conclusion**

Based on the foregoing discussion, the Court GRANTS the defendant's motion for summary judgment with respect to malicious prosecution and defamation, and DENIES the motion for summary judgment with respect to negligence.

It is so **ORDERED.**

SIGNED at Houston, Texas this 20th day of July, 2011.

Kenneth M. Hoyt
United States District Judge